NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY McCARTHY,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )      Case No. 2D15-1511
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____ )

Opinion filed April 5, 2017.

Appeal from the Circuit Court for
Hillsborough County; Samantha L.
Ward, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Ha Thu Dao,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

        The circuit court revoked Anthony McCarthy's probation in four cases.

Although McCarthy's sentencing scoresheet prescribed a nonstate prison sanction, the

court sentenced him to prison pursuant to section 775.082(10), Florida Statutes (2010).

We conclude that the court's findings were insufficient to establish the required nexus

between sentencing McCarthy to a nonstate prison sanction and any resulting danger to the public. Therefore, we reverse and remand for the imposition of a nonstate prison sanction.

In each of two separate cases, McCarthy pleaded to one count of obtaining property in return for a worthless check, in violation of section 832.05(4)(c), Florida Statutes (2010). In each of two other cases, he pleaded to one count of failure to return leased property with a value of $300 or more, in violation of section 812.155(3), Florida Statutes (2010). All of the offenses are third-degree felonies. McCarthy was placed on probation in all four cases.

In the instant proceeding, the amended affidavit of violation of probation alleged that McCarthy failed to report to the probation officer, a violation of condition one; that McCarthy changed his residence without first obtaining the consent of the probation officer, a violation of condition three; that McCarthy changed his employment without first obtaining the consent of his probation officer, a violation of condition three; that McCarthy failed to submit to a urinalysis test on April 21, 2014, a violation of condition eleven; and that McCarthy committed the offense of sexual battery on at least four occasions, a violation of condition five.

McCarthy's probation officer was the only witness at the revocation hearing. There was no testimony whatever regarding the alleged new law violations. The circuit court found that McCarthy violated condition one by failing to report, condition three by changing his residence without permission, and condition eleven by failing to submit to a urinalysis test. The court imposed a five-year prison sentence in each case, with the sentences to run concurrently.

- 2 -

Section 775.082(10) states:

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

In Reed v. State, 192 So. 3d 641, 648 (Fla. 2d DCA 2016), we noted that written findings sufficient to permit an upward departure under this statute "must do more than just describe the defendant's criminal conduct. The circuit court must make findings to establish a nexus between sentencing an offender to a nonstate prison sanction and the resulting danger that nonstate prison sanction could present the public." Here, McCarthy scored 20.5 points on the Criminal Punishment Code scoresheet. None of the third-degree felonies was a forcible felony or a violation of chapter 810. Thus, the circuit court was required to sentence McCarthy to any nonstate prison sanction unless it made sufficient written findings that satisfied the requirements of Reed. See Reed, 192 So. 3d at 647-49. When sentencing McCarthy to prison, the court placed the following notation on the Criminal Punishment Code scoresheet: "ANSP would be a danger to the public - no compliance with orders/new law viola[tion] absconding."

Manifestly, the court's written findings merely described McCarthy's conduct in the most general of terms. They did not establish a nexus between sentencing McCarthy to a nonstate prison sanction and a resulting danger to the public. Moreover, the court's reference to McCarthy's alleged new law violation was

unsupported by evidence.  In <u>Rodriguez-Aguilar v. State</u>, 198 So. 3d 792, 796 (Fla. 2d DCA 2016), this court held:

> [A] prediction of future danger to the public that allows for a prison sentence under section 775.082(10) cannot be established by proof of alleged prior offenses when the proof falls below the standard of preponderance of the evidence; proof that merely reaches the level of probable cause or reasonable suspicion is not sufficient.

Here, there was no testimony presented at the revocation hearing regarding any new law violation.  Thus, the court could not base the prison sentence on this finding.

We reverse the sentences in all four cases and remand for McCarthy to be sentenced to a nonstate prison sanction.  <u>See</u> <u>Reed</u> 192 So. 3d at 648-49 (reversing and remanding for imposition of a nonstate prison sanction).

Reversed and remanded.

SLEET and SALARIO, JJ., Concur.