IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STERLING ALLEN JOHNSON,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1577

Opinion filed May 5, 2017.

An appeal from the Circuit Court for Washington County.
Colby Peel, Judge.

Andy Thomas, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

BILBREY, J.

Sterling Allen Johnson challenges the five-year prison sentence he received upon his conviction for fleeing or attempting to elude a law enforcement officer. Because the written findings made in support of the prison sanction are

insufficient, we vacate the sentence and remand for entry of a non-state prison sanction.

By amended information, Johnson was charged with (i) aggravated battery of a law enforcement officer and (ii) fleeing or attempting to elude a law enforcement officer. These charges followed a traffic stop for an equipment violation. During the stop, as the officer was waiting on warrants check, Johnson drove away; the officer had claimed he was dragged by Johnson's vehicle. The stop and Johnson's flight were captured on the video recorder on the officer's patrol car. The cause proceeded to a jury trial, and at the conclusion, Johnson was acquitted of the charge of aggravated battery on a law enforcement officer but was found guilty as charged with respect to the remaining count. A judgment entered in accordance with that verdict. Johnson's scoresheet produced a score of 5.6 points. Pursuant to section 775.082(10), Florida Statutes, the presumptive sentence for Johnson is a non-state sanction given that his scoresheet totaled less than 22 points and that he was convicted of a non-forcible third degree felony committed after 1999. The trial court sentenced Johnson to 5 years in prison. No written findings were entered in support of this sentence.

Johnson moved to correct what he claimed to be an illegal sentence. The State agreed with Johnson that a written finding in support of the sentence was required by section 775.082(10), but disagreed that Johnson should be sentenced to

2

a non-state sanction. The trial court thereafter refused to reduce the sentence and entered findings in support of it. The findings of the court were:

1. The defendant was released on bond for another charge at the time he committed the offense in this case.

2. The defendant was being taken into custody for failing to appear in court at the time he committed the offense in this case.

3. The defendant represented a specific danger to Officer Harrison. The video played during the course of the trial showed the defendant accelerating his vehicle into the roadway while the officer was partially in and/or attached to the defendant's vehicle.

4. The defendant represented a danger to other traffic as a semi-truck could be seen entering the video frame seconds after the defendant fled the scene of the traffic stop.

5. While the defendant was released on bond in the current case, he violated probation in a separate offense and pled to an independent new law offense.

6. The defendant is currently serving an independent prison sentence for a violation of probation.

On appeal, Johnson contends that section 775.082(10) is unconstitutional; alternatively, he argues that the findings do not comply with the statute and thus are insufficient. As we agree that the findings are insufficient, it is not necessary to address the constitutional questioned raised.

Section 775.082(10) provides:

3

> (10) If a defendant is sentenced for an offense ... which is a third degree felony but not a forcible felony as defined in s. 776.08 ... and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a **nonstate prison sanction could present a danger to the public**, the court may sentence the offender to a state correctional facility pursuant to this section.

(Emphasis added).

No guidance has been provided by the Legislature for deciding when a "nonstate prison sanction could present a danger to the public." In Jones v. State, 71 So. 3d 173, 176 (Fla. 1st DCA 2011), this court held that the phrase "danger to the public" need not require a history of violence and can be based on economic or other types of harm. See also Ryerson v. State, 189 So. 3d 1047 (Fla. 4th DCA 2016). However, in reversing the non-state prison sanction imposed, this court found that the record in Jones did not show that a prison sentence rather than a county jail sentence "would better deter" the defendant from future commissions of the offense for which he was being sentenced ("unlicensed driving"). Jones, 71 So. 3d at 176. Similarly, in Reed v. State, 192 So. 3d 641, 648 (Fla. 2d DCA 2016), the reviewing court explained that the statute requires a "nexus" between a sentence to a non-state prison sanction and the resulting danger a defendant could then present to the public. See McCarthy v. State, No. 2D15-1511 (Fla. 2d DCA April 5, 2017). In the case at bar, none of the six grounds stated by the trial court

4

explain how a non-state prison sanction, such as jail, could present a danger to the community, as required by the plain meaning of the statute as well as by subsequent case law. Given the lack of a "nexus," we are constrained to reverse.

Further, with regard to the third ground (that Johnson represented a danger to the officer), the prison sentence was improperly imposed for conduct for which Johnson was acquitted. See Dinkines v. State, 122 So. 3d 477, 481 (Fla. 4th DCA 2013) (reversing a prison sentence because the trial court erred in relying on offenses for which the defendant was either acquitted or never charged to support its findings under section 775.082(10)); see also Doty v. State, 884 So. 2d 547 (Fla. 4th DCA 2004) (holding that trial judge erred in imposing maximum sentences after citing as grounds therefor charges for which defendant was acquitted).

Further still, as for the fourth ground, that Johnson "represented a danger to other traffic as a semi-truck could be seen entering the video frame seconds after the defendant fled the scene of the traffic stop," this finding is not supported by a preponderance of evidence. While a truck passes Johnson's vehicle as he is fleeing the scene, the video recording reflects that Johnson neither entered the truck's lane nor otherwise posed a danger to it. See Rodriguez-Aguilar v. State, 198 So. 3d 792 (Fla. 2d DCA 2016) (explaining that a finding for imposition of a non-state prison sanction must be based on preponderance of record evidence).

On remand, the trial court must impose a non-state prison sanction, and thus, is not permitted to articulate new reasons for a departure. See Bryant v. State, 148 So. 3d 1251 (Fla. 2014); Jones, 71 So. 3d at 176.

Accordingly, Johnson's sentence is VACATED, and the cause is REMANDED for resentencing.

WETHERELL and JAY, JJ., CONCUR.