HARRIS, J.
Timothy Riordan appeals his prison sentence, challenging the constitutionality of section 775.082(10), Florida Statutes (2016). Riordan argues that, even if section 775.082(10) was constitutional, the trial court failed to make sufficient findings to impose a prison sentence. After Riordan filed his appeal, the Florida Supreme Court ruled, consistent with Riordan's primary argument, that 775.082(10) is unconstitutional because it requires the trial judge, rather than a jury, to make a factual finding of dangerousness to the public, which is necessary to increase an offender's maximum sentence from a nonstate prison sanction to a state prison sanction. Brown v. State, 260 So. 3d 147, 151 (Fla. 2018). Because Riordan's prison sentence was based on a finding of dangerousness made by the trial judge, this error was not harmless, Brown requires reversal of Riordan's prison sentence.[1]
*228 Even if reversal was not required by Brown, we would still reverse Riordan's prison sentence because the trial court's reason for imposing the sentence is inadequate. Riordan was charged below with felony battery, upgraded from a misdemeanor based on a prior battery conviction. At trial, the jury found Riordan guilty of battery and then specifically found that he was previously convicted of battery. With this conviction, Riordan's scoresheet totaled 21.3 points, just under the minimum score required to authorize imposition of a prison sentence without any additional findings.
Under section 775.082(10), a defendant who scores 22 points or fewer is presumptively entitled to a nonstate prison sentence. He may only be sentenced to prison if there are written findings supported by competent, substantial evidence "that a nonstate prison sanction could present a danger to the public." § 775.082(10), Fla. Stat. A trial court's finding of dangerousness pursuant to section 775.082(10) must be in writing and must be supported by the record. Jones v. State, 71 So. 3d 173, 175 (Fla. 1st DCA 2011). In sentencing Riordan, the trial court made several findings regarding Riordan's criminal history and then concluded that, based solely on the perceived escalating pattern of those convictions, failure to impose a prison sentence would result in potential future danger to the public. However, in finding an offender to be a danger to the public, the court must do more than merely recite prior convictions. The court "must make findings to establish a nexus between sentencing an offender to a nonstate prison sanction and the resulting danger that a nonstate prison sanction could present to the public." Reed v. State, 192 So. 3d 641, 648 (Fla. 2d DCA 2016).
In Reed, the Second District reversed a prison sentence because the trial court's written findings merely recited the defendant's charges and "failed to develop a nexus between a nonstate prison sanction and the resulting danger" that the defendant, under such a sentence, could present to the public. Id. Similarly in Jones, the First District reversed a prison sentence because the court failed to make sufficient findings that imprisonment, rather than a nonstate prison sentence, would better deter the defendant from committing future crimes. 71 So. 3d at 176. The Jones court further found a lack of record support for the trial court's "implicit finding" that a nonstate prison sanction would constitute a significantly lesser deterrent on the defendant than three years in state prison. Id.
Again, in Johnson v. State, 219 So. 3d 167, 170 (Fla. 1st DCA 2017), an upward departure sentence imposed under 775.082(10) was vacated. In that case, the trial court made several specific findings to support its conclusion that the defendant posed a danger to the community and that a prison sentence was warranted. Johnson, 219 So. 3d at 169. However, the appellate court reversed the sentence and remanded to the trial court to impose a nonstate prison sentence because "none of the six grounds stated by the trial court explain how a non-state prison sanction, such as jail, could present a danger to the community, as required by the plain meaning of the statute." Id. at 169-70 ; see also Johnson v. State, 260 So. 3d 502, 508-09 (Fla. 1st DCA 2018) (reversing defendant's prison sentence because trial court failed to develop nexus between nonstate prison *229 sanction and resulting danger that defendant could present to public).
In this case, the trial court found that Riordan's "escalating pattern of criminal conduct" justified the upward departure. The order went through Riordan's prior convictions, found that the majority of Riordan's priors were non-violent crimes, and then correctly noted that a danger to the public could be found "based off economic and other types of harm." See McCloud v. State, 55 So. 3d 643, 644 (Fla. 5th DCA 2011) (holding that "danger may, at least in some cases, encompass pecuniary or economic harm"). However, the court's ultimate conclusion-that failure to impose a prison sentence would result in a danger to the community-was neither supported by the record nor did it meet the nexus requirement clearly contained in the statute and subsequent case law. Therefore, the trial court erred in sentencing Riordan to prison.
A prison sentence imposed on a qualifying defendant who scores 22 or fewer sentencing points constitutes an upward departure sentence. Bryant v. State, 148 So. 3d 1251, 1258 (Fla. 2014). When an appellate court reverses an upward departure sentence based on inadequate written findings, the court must remand for resentencing with no possibility of departure from the guidelines. Pope v. State, 561 So. 2d 554, 555 (Fla. 1990). Therefore, we reverse and remand for the trial court to resentence Riordan to a nonstate prison sanction. See Bradley v. State, 155 So. 3d 1248, 1250 (Fla. 4th DCA 2015) ; Johnson, 260 So. 3d at 509 (citing Johnson, 219 So. 3d at 170) (remanding for imposition of nonstate prison sanction, noting that appellate court was not permitted on remand to articulate new reasons for upward departure); see also Jones, 71 So. 3d at 176 (same).
REVERSED and REMANDED for resentencing.
ORFINGER and GROSSHANS, JJ., concur.

In a footnote to the Brown opinion, the supreme court left it to future appellate courts to determine, when reversing a prison sentence improperly imposed under 775.082(10), what remand instructions to give to the trial court. See id. at 150 n.1. Despite the invitation to do so in Brown, we need not determine in this case whether the State should be afforded an opportunity to present the dangerousness issue to a jury, because we conclude that the findings relied upon to justify the upward departure were legally insufficient to justify a prison sentence.