DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TYLER JOSEPH HADLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1228

[April 27, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562011CF002340A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Tyler Hadley entered an open plea to two counts of first-degree murder with a weapon (a hammer) in relation to the murder of his parents while Appellant was seventeen years old, still a juvenile. He was convicted and sentenced to two consecutive life sentences without the possibility of parole in early 2014.

The Supreme Court's 2012 decision in *Miller v. Alabama* held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S. Ct. 2455, 2460 (2012). As a result, the State of Florida's juvenile sentencing scheme was forced to undergo a complete overhaul, with the Legislature ultimately adopting a comprehensive new sentencing plan that was later made retroactive by the Supreme Court of Florida in *Horsley v. State*, 160 So. 3d 393 (Fla. 2015).

Appellant was sentenced during the period of time between the Court's decision in *Miller* and the Legislature's passage of the new sentencing

scheme. Because Appellant was sentenced during this transitional period, the trial court was forced to operate with little concrete guidance as to the sentencing options available for Appellant. While the trial court did an admirable job in anticipating the requirements of the new statutory system, we nonetheless must reverse Appellant's sentence and remand for the trial court to consider the new sentencing requirements. We affirm without discussion Appellant's other challenge on appeal, related to testimony by both parties' experts that referenced the testing results of another expert who did not testify.

## Background

Appellant was seventeen years, five months old when he killed his parents. As noted above, he pled no contest to both counts of first-degree murder with a weapon and the entire two weeks of hearings in this case were devoted to sentencing. Given the unsettled state of the law at the time, the trial court believed it had two options for sentencing Appellant: life without parole or, using the theory of statutory revival, life with a mandatory minimum of twenty-five (25) years. After listening to extensive testimony from family members, friends, and numerous expert witnesses, the trial court sentenced Appellant to two consecutive terms of life imprisonment without the possibility of parole.

## Analysis

"The legality of a sentence is a question of law and is subject to *de novo* review." *Flowers v. State*, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005). However, the trial court's findings on aggravating or mitigating factors are reviewed for competent substantial evidence. *See Martin v. State*, 107 So. 3d 281, 318-19 (Fla. 2012). In this case, the trial court made two errors that require reversal and resentencing. First, the trial court made an incorrect finding of fact as to Appellant's prior criminal history. Second, the trial court incorrectly applied the theory of statutory revival when considering possible sentences for Appellant.

As discussed above, Florida has adopted a new sentencing scheme for juvenile defendants who commit capital felonies. Codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014), this new legislation provides, in part, that a juvenile defendant who commits a capital felony shall be punished by either a life sentence or by a term of at least forty years. § 755.082(1)(b)1. In determining if a life sentence is appropriate, the trial court should conduct a hearing, considering "factors relevant to the offense and the defendant's youth and attendant circumstances," including the factors enumerated in section

2

921.1401(2)(a)-(j).  § 921.1401(2).  Under section 921.1402(2)(a), "[a] juvenile offender sentenced under s. 755.082(1)(b)1. is entitled to a review of his or her sentence after 25 years," unless he or she was previously convicted, as "part of a separate criminal transaction or episode," of one of the crimes listed in that section.  As noted earlier, this new sentencing scheme has been made retroactive by the Supreme Court of Florida in *Horsley v. State.*

In this case, the trial court properly considered the factors enumerated in section 921.1401(2)(a)-(j) when determining the appropriate sentence for Appellant.  However, the trial court found that Appellant had committed a prior capital felony.  There was no support for such a finding in the record.  In fact, the only capital felonies committed by the Appellant were the ones for which he was being sentenced, which were part of the same "criminal transaction or episode."  For the trial court to consider these crimes as part of Appellant's "prior criminal history," as required in section 921.1401(2)(h), was erroneous.

Additionally, the trial court mistakenly (in hindsight) believed its options for sentencing were either life without parole or to apply statutory revival and sentence Appellant to life with a mandatory minimum of 25 years.  The Supreme Court has specifically held that statutory revival is inappropriate in these cases.  *Horsley*, 160 So. 3d at 395.  Instead, the trial court's alternative to a life sentence would be sentencing Appellant to a term of "at least 40 years."  § 755.082(1)(b)1.  Although the trial court clearly believed a mandatory minimum of twenty-five years was insufficient, it did not have the option of a term of at least forty years to consider as a more appropriate sentence than life without the possibility of parole.  Therefore, this matter is remanded for the purpose of the trial court resentencing Appellant with the correct options before it.

## Conclusion

The trial court made a finding of fact (that Appellant had a prior criminal history) that was unsupported by the record.  Additionally, the trial court did not consider the correct alternative to a life sentence.  We are therefore compelled to reverse and remand for resentencing.  We further note that any new sentence under section 775.0821(1)(b)1. is subject to review after twenty-five years, as required by section 924.1402(2)(a).

*Reversed and remanded for resentencing.*

STEVENSON and GROSS, JJ., concur.

3

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*