**Scott ARNONE, Appellant,**

v.

**STATE of Florida, Appellee.**

No. 4D15–3440.

District Court of Appeal of Florida, Fourth District.

Nov. 16, 2016.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals his sentence of ten years in prison after the circuit court revoked his probation and designated him as a dangerous violent felony offender of special concern ("VFOSC"). He raises four arguments: (1) the evidence at sentencing was insufficient to support the VFOSC designation; (2) the court failed to conduct a "danger hearing" and make written findings as to whether the defendant posed a danger to the community; (3) the court improperly assessed community sanction violation points on the defendant's scoresheet; and (4) the defendant properly preserved these issues by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion.

■ We affirm on every argument, except one. The State properly concedes that the court failed to make written findings as to how the defendant posed a danger to the community. *See* § 948.06(8)(e)1, Fla. Stat. (2011) ("If the court, after conducting the hearing required by paragraph (d), determines that a violent felony offender of special concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, *the court shall ... [m]ake written findings as to whether or not the violent felony offender of special concern poses a danger to the community ....*") (emphasis added).

■ However, where a court orally pronounces a reason, consistent with one or more of the factors listed under section 948.06(8)(e)1, for its finding that the defendant, as a violent felony offender of special concern, poses a danger to the community, but fails to provide written reasons for its finding, the proper remedy is to affirm the revocation of the defendant's probation, but remand for entry of a written order conforming to the court's oral pronouncement. *Martin v. State*, 87 So.3d 813, 813 (Fla. 2d DCA 2012); *Bell v. State*, 150 So.3d 1214, 1214 (Fla. 5th DCA 2014).

Consistent with our sister courts' conclusions in *Martin* and *Bell*, we affirm the revocation of the defendant's probation and the resulting sentence, but remand for entry of a written order conforming to the court's oral finding that the defendant, as a violent felony offender of special concern, poses a danger to the community. Assuming the record provides the information allowing the court to enter such a written

order, it shall not be necessary for the court to conduct a further hearing.

*Affirmed but remanded for entry of written order.*

MAY and LEVINE, JJ., concur.