IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

OSCAR GLENN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3820

_____/

Opinion filed June 9, 2017.

An appeal from the Circuit Court for Taylor County.
Gregory S. Parker, Judge.

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, for Appellee.

PER CURIAM.

      Oscar Glenn appeals an order revoking his probation. He argues among other things that the trial court erred by not providing written reasons for its finding that he poses a danger to the community under section 948.06(8)(e), Florida Statutes.

The trial court orally made the statutorily required factual findings, so we affirm the revocation of probation. But we remand for correction of the trial court's written order, so that it can be conformed to the trial court's oral pronouncement.

In 2014, Appellant pled guilty to one count of sale of cocaine within 1,000 feet of a place of worship and two counts of solicitation to commit witness tampering. He was sentenced to probation. In March, 2016, the State filed an affidavit alleging that Appellant violated the terms of his probation. The trial court conducted a hearing and revoked his probation. At the sentencing hearing, the trial court revoked Appellant's probation and sentenced him to 133.8 months in prison on the first count, and five years in prison on the other two counts, to run concurrent with the sentence for count one. Although the trial court orally stated several reasons for its decision to revoke Appellant's probation, it did not reduce any of them to writing. This appeal followed.

Section 948.06(8)(e)1, Florida Statutes, requires that a trial court make written findings regarding whether a violent felony offender of special concern poses a danger to the community. Because here the trial court articulated several reasons that satisfy the statute, we affirm the revocation of Appellant's probation. But because the trial court did not reduce its reasons to writing, we reverse and remand with instructions that the trial court enter a written order that conforms to its oral pronouncements. *See Arnone v. State*, 204 So. 3d 556, 557 (Fla. 4th DCA 2016);

*Bell v. State*, 150 So. 3d 1214 (Fla. 5th DCA 2014); *Martin v. State*, 87 So. 3d 813 (Fla. 2d DCA 2012). We also affirm with respect to Appellant's second, sentencing scoresheet-related argument.

AFFIRMED in part, REVERSED in part, and REMANDED.

WETHERELL, OSTERHAUS, and M.K. THOMAS, JJ., CONCUR.