IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TIMOTHY BROWN,

        Appellant,

 v.                                      Case No.  5D17-190

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed August 25, 2017

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

James S. Purdy, Public Defender, and Noel
A. Pelella, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Timothy Brown appeals the final order revoking his community control and sentencing him to serve 118.35 months in the Department of Corrections. Following careful consideration, we affirm the revocation and sentence. However, we remand for entry of a supplemental order.

Appellant was assessed 48 points on his scoresheet for prior violations of community control and probation as a violent felony offender of special concern. "Section 948.06(8)(e)1, Florida Statutes, requires that a trial court make written findings regarding whether a violent felony offender of special concern poses a danger to the community." *Glenn v. State*, 219 So. 3d 1010, 1010 (Fla. 1st DCA 2017). At the revocation hearing, Appellant's status as a violent felony offender of special concern was never mentioned. The trial court did not orally find that Appellant was a danger to the community and did not make any written findings. However, the court orally referenced reasons that would support such a finding under the statute.

> [W]here a court orally pronounces a reason, consistent with one or more of the factors listed under section 948.06(8)(e)1, for its finding that the defendant, as a violent felony offender of special concern, poses a danger to the community, but fails to provide written reasons for its finding, the proper remedy is to affirm the revocation of the defendant's probation, but remand for entry of a written order conforming to the court's oral pronouncement.

*Arnone v. State*, 204 So. 3d 556, 557 (Fla. 4th DCA 2016) (citing *Martin v. State*, 87 So. 3d 813, 813 (Fla. 2d DCA 2012); *Bell v. State*, 150 So. 3d 1214, 1214 (Fla. 5th DCA 2014)). We further instruct the trial court to specifically identify in its supplemental, corrected order which condition of community control Appellant willfully violated. Accordingly, we remand the case so that the trial court can file an appropriate supplemental, corrected written order.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.


EVANDER, BERGER, and EDWARDS, JJ., concur.

2