DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KATHERINE JANE SOUZA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D16-2809 & 4D16-2814

[October 18, 2017]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elizabeth A. Scherer, Judge; L.T. Case Nos. 15011958CF10A and 15007947CF10A.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges the facial constitutionality of Section 948.06(8)(e)2., Florida Statutes (2016), as violative of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the extent that it directs a judge, rather than a jury, to make a factual finding of dangerousness, which she contends increases the minimum penalty for a crime. Because the right to trial by jury is not required in a revocation proceeding, and the court's finding that the probationer is a danger to the community only prevents the court from again allowing probation, we hold that the statute is not facially unconstitutional. Appellant also contends the trial court committed reversible error in failing to make written findings as to how she posed a danger to the community. The State properly concedes this error, and for this reason, we affirm the revocation of probation but remand for the court to make such written findings.

Appellant was charged with robbery with a weapon and later with possession of cocaine and other drugs. She was sentenced for both and received a downward departure sentence of probation for three years on

all counts. As to the robbery count, she was declared a habitual felony offender.

Shortly after sentencing, the State charged appellant with violating her probation by changing her address without the consent of her probation officer. She admitted her violation. Because she qualified as a "violent felony offender of special concern," section 948.06(8)(e)2., Florida Statutes (2016), required the trial court to determine whether she "pos[ed] a danger to the community" before determining her sentence. The court held a danger hearing and then a sentencing hearing. At sentencing, appellant asked for reinstatement to community supervision, while the State argued that the minimum sentence pursuant to her scoresheet was 62.7 months. The trial court found that appellant was a danger to the community based upon the offenses for which she was being sentenced as well as her criminal history, which revealed an escalating pattern of behavior. The court then revoked her probation and sentenced her to the minimum sentence of 62.7 months in prison, concurrent for both sentences. Later, the court reduced the sentence to 56.85 months based upon a scoresheet error. Appellant appeals the sentence.

Although she did not raise the issue in the trial court, on appeal appellant argues that Section 948.06(8)(e)2. is facially unconstitutional because in directing that the trial court make the danger finding, it is contrary to *Apprendi* and its progeny, which hold that to guarantee a defendant's Sixth Amendment right to a jury trial, a judge can only impose a sentence based on facts found by a jury or admitted by the defendant. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004).

The Sixth Amendment, however, does not apply to probation revocation proceedings. *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984) (noting that a probation revocation proceeding is not a criminal proceeding, and there is "no right to a jury trial before probation may be revoked."); *State ex rel. Roberts v. Cochran*, 140 So. 2d 597 (Fla. 1962) (finding trial by jury is not required generally in a probation revocation proceeding). Therefore, *Apprendi* does not apply.

A Section 948.06(8)(e)2. danger finding is not an element for sentencing purposes. The statute provides requirements on the trial court in determining revocation of probation:

> a. If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to

the statutory maximum, or longer if permitted by law.

   b. If the court has found that a violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section.

The grant of probation is "a matter of grace, not of right" and rests within the discretion of the judge. *Martin v. State*, 243 So. 2d 189, 190-91 (Fla. 4th DCA 1971). The revocation of probation is not itself a sentence, but merely the determination that the probationer has violated the terms of probation and requires the court to determine a sentence for the original charges. The statute simply limits the trial court's discretion on whether or not to again extend this act of grace for certain offenders.

   The sentence imposed in this case was the lowest permissible sentence pursuant to the scoresheet. The "danger to the community" finding did not increase the punishment beyond the statutory maximum. *Apprendi*, 530 U.S. at 490. Nor did it increase the floor of a sentencing range. *Alleyne v. United States*, 133 S. Ct. 2151 (2013). It merely removed the trial court's discretion to grant additional "grace" to the appellant. The statutory requirement that the judge make this finding rather than a jury does not render it unconstitutional.

   The State concedes that the court only made oral findings that appellant posed a danger to the community and that her probation should be revoked. Section 948.06(8)(e)1., Florida Statutes (2016), requires "written findings as to whether or not the violent felony offender of special concern poses a danger to the community." Because the record provides the necessary information to enter such an order, we remand for entry of a written order conforming to the court's oral findings. *Arnone v. State*, 204 So. 3d 556 (Fla. 4th DCA 2016).

   *Affirmed but remanded for entry of written order.*

DAMOORGIAN and LEVINE, JJ., concur.

*              *              *

**Not final until disposition of timely filed motion for rehearing.**

3