IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SEAN WELLS,

      Appellant,

v.                                           Case No. 5D17-1257

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 26, 2018

Appeal from the Circuit Court
for Brevard County,
W. David Dugan, Judge.

James S. Purdy, Public Defender, and
Sean Kevin Gravel, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Appellant, Sean Wells, appeals the trial court's order revoking his probation and sentencing him to thirty months in prison. We affirm, but remand for a corrected order.

      The trial court orally found Appellant guilty of violating Condition 1 of his probation for failing to report in December 2016 and January 2017. At sentencing, defense counsel

conceded that Appellant qualified as a violent felony offender of special concern, and the trial court made the oral pronouncement that Appellant's release posed a danger to the community pursuant to section 948.06(8)(e), Florida Statutes (2016).

On appeal, Appellant argues (1) the finding that he violated his probation was not supported by competent, substantial evidence, and (2) the trial court erred by failing to include its reasons for finding that he posed a danger to the community in its written order.

We affirm the trial court's revocation of Appellant's probation without further discussion. However, the State concedes that remand is appropriate for the trial court to reduce its orally pronounced reasons for finding that Appellant presents a danger to the community to writing. *See Bell v. State*, 150 So. 3d 1214 (Fla. 5th DCA 2014); *see also Arnone v. State*, 204 So. 3d 556, 557 (Fla. 4th DCA 2016) ("[W]here a court orally pronounces a reason, consistent with one or more of the factors listed under section 948.06(8)(e)1., for its finding that the defendant, as a violent felony offender of special concern, poses a danger to the community, but fails to provide written reasons for its finding, the proper remedy is to affirm the revocation of the defendant's probation, but remand for entry of a written order conforming to the court's oral pronouncement."). Similarly, we note that although the trial court orally pronounced its finding that Appellant violated probation, the written order revoking probation does not specify which condition Appellant violated. *See Brown v. State*, 225 So. 3d 399, 400 (Fla. 5th DCA 2017). Thus, on remand, the trial court should enter a corrected order with appropriate written findings.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

PALMER, WALLIS and EISNAUGLE, JJ., concur.