PER CURIAM.
Jahmar Philip Dunn appeals the trial court's order revoking his probation following an open plea and imposing a sixty-month prison sentence. We affirm the revocation of probation and Dunn's sentence without further discussion. We do, however, *831 agree with Dunn that the trial court erred in failing to enter a written order, consistent with its oral pronouncement at the conclusion of the sentencing hearing, that Dunn, a violent felony offender of special concern, would pose a danger to the community. See § 948.06(8)(e)1., Fla. Stat. (2018) ("If the court, after conducting the hearing required by paragraph (d), determines that a violent felony offender of special concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, [it] shall [m]ake written findings as to whether or not the violent felony offender of special concern poses a danger to the community ....").
Accordingly, we remand for the trial court to enter an appropriate order consistent with its earlier oral pronouncement. See Arnone v. State , 204 So. 3d 556, 557 (Fla. 4th DCA 2016) ("[W]here a court orally pronounces a reason, consistent with one or more of the factors listed under section 948.06(8)(e)1[.] for its finding that the defendant, as a violent felony offender of special concern, poses a danger to the community, but fails to provide written reasons for its finding, the proper remedy is to affirm the revocation of the defendant's probation, but remand for entry of a written order conforming to the court's oral pronouncement." (citing Bell v. State , 150 So. 3d 1214, 1214 (Fla. 5th DCA 2014) ; Martin v. State , 87 So. 3d 813, 813 (Fla. 2d DCA 2012) )).
AFFIRMED; REMANDED with directions.
LAMBERT, EDWARDS and EISNAUGLE, JJ., concur.