DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN D. BORRERO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D18-2118 and 4D18-2119

[April 22, 2020]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case Nos. 14-4703CF10A and 14-8338CF10A.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges the revocation of his probation and sentence imposed. He qualified as a violent felony offender of special concern pursuant to section 948.06(8)(c), Florida Statutes (2017). After appellant admitted the violations of probation of which he was charged, the court proceeded with a sentencing hearing. The purpose of the hearing was to determine whether appellant posed a danger to the community, which would require the revocation of his probation. Despite the State's request, the court failed to make any findings of dangerousness, contrary to section 948.06(8)(e)1., Florida Statutes (2017). The State concedes, and we agree, that this failure requires a reversal and remand for a new sentencing hearing. *Whittaker v. State*, 223 So. 3d 270, 273-74 (Fla. 4th DCA 2017); *Barber v. State*, 207 So. 3d 379, 384-85 (Fla. 5th DCA 2016).

Because resentencing is a de novo proceeding, *see State v. Collins*, 985 So. 2d 985, 989 (Fla. 2008), we need not address the remaining issues raised, including the denial of the motion for reduction and mitigation of the sentence, and the motion to appoint conflict counsel, as appellant

made a claim of ineffective assistance of counsel. Appellant will be appointed counsel for the sentencing, and counsel may raise any issues that are legally permissible in resentencing, including issues of mitigation.

For purposes of resentencing, we do address and reject appellant's contention that we should recede from *Souza v. State*, 229 So. 3d 387 (Fla. 4th DCA 2017), holding that a judicial finding of dangerousness for purposes of section 948.06(8)(e) does not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). We explained our reasoning in *Hollingsworth v. State*, No. 4D18-3705 (Fla. 4th DCA April 1, 2020), which reasoning we adopt here.

*Reversed and remanded for further proceedings.*

WARNER, GERBER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***