DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAN HENRIQUEZ, JR.**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

Nos. 4D2022-0241 and 4D2022-0242

[March 6, 2024]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk C. Volker, Judge; L.T. Case Nos. 50-2009-CF-012635-AXXX-MB and 50-2018-CF-005336-AXXX-MB.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

**ON STATE'S MOTION FOR CLARIFICATION**

DAMOORGIAN, J.

We grant the State's motion for clarification of our January 3, 2024, opinion in case 4D2022-0242, withdraw the opinions issued in cases 4D2022-0241 and 4D2022-0242, *sua sponte* consolidate cases 4D2022-0241 and 4D2022-0242 for all purposes, and issue the following opinion as shown below.

Juan Henriquez, Jr. ("Defendant") was involved in an altercation that resulted in two charges of aggravated battery. At the time, Defendant was on probation for a prior first-degree felony conviction. After Defendant was found guilty of one count of aggravated battery and one count of battery, the trial court revoked Defendant's probation based on those convictions. The matter thereafter proceeded to a global sentencing hearing where Defendant was sentenced as follows: (1) thirty years in prison with a mandatory minimum of fifteen years on the aggravated battery and battery convictions; and (2) thirty years in prison on the underlying offense in the

probation revocation case, with the sentences in both cases to run concurrently.

In case 4D2022-0242, Defendant appeals his convictions and sentences for aggravated battery and battery and raises several issues relating to the jury instructions, evidentiary rulings, an alleged discovery violation, lack of statutorily required written danger findings, a scoresheet error, and entitlement to a twelve-person jury. In case 4D2022-0241, Defendant appeals the trial court's violation of probation findings and sentence and raises several of the same issues as raised in case 4D2022-0242.

We affirm Defendant's convictions and sentences in both cases, but remand solely for the trial court (1) in case 4D2022-0241, to make the required written findings under section 948.06(8)(e), Florida Statutes (2018), that Defendant, as a violent felony offender of special concern, poses a danger to the community; and (2) to enter a properly calculated scoresheet in cases 4D2022-0241 and 4D2022-0242 by removing the twelve points imposed for a non-law violation of probation.[1] Assuming the record provides the information necessary to make the statutorily required written danger findings, the trial court need not conduct a further hearing. *See Arnone v. State*, 204 So. 3d 556, 557–58 (Fla. 4th DCA 2016).

*Affirmed and remanded with instructions.*

MAY and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] While the scoresheet error stemmed from the violation of probation case, the trial court held a global sentencing hearing in both cases where one scoresheet was entered. Thus, our remand instructions apply to both cases.