DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WALTER MORRIS HART,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D2023-1691 & 4D2023-2966

[November 27, 2024]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank Ledee, Judge; L.T. Case Nos. 13004835CF10A and 16008837CF10A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

Appellant Walter Hart appeals the revocation of his probation and subsequent sentences in two cases, arguing that the trial court erred in failing to make written findings that he posed a danger to the community as a violent felony offender of special concern ("VFOSC") under section 948.06(8)(e), Florida Statutes (2022). Appellant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, asserting in part that he was entitled to a new sentencing hearing because the scoresheet included twelve VFOSC points, but that the trial court had made no oral or written findings that he was a danger to the community under section 948.06(8)(e).

During the hearing on Appellant's motion, the trial court stated that it was not going to discuss the "failure to address [the VFOSC finding] in writing," noting that "this transcript [of the sentencing after the probation hearing] highlights every single finding that I made regarding that sentencing that would be the basis for determining that he is a danger to the community. This transcript is about as clear as it gets." The State

acknowledged that it had overlooked addressing the required written findings at the sentencing hearing but noted that the VFOSC designation was on the scoresheet, to which Appellant had agreed. The State agreed that the trial court had been clear in the transcript as to why Appellant is a danger to the community, but requested that the trial court issue a written order as section 948.06(8)(e) requires. The trial court agreed to enter the requested written order, and Appellant acknowledged that such an order was appropriate.

Although the trial court conducted its hearing on the rule 3.800(b)(2) motion twenty-six days after it was filed, the trial court did not render its order on the motion until *eighty-two days after* the motion was filed. Pursuant to rule 3.800(b)(2)(B), if a trial court does not rule on a motion to correct a sentencing error filed while an appeal is pending within sixty days, the motion shall be deemed denied, and the trial court's jurisdiction ends. *See Sessions v. State*, 907 So. 2d 572, 573 (Fla. 1st DCA 2005) ("[A]ny order rendered more than 60 days after a rule 3.800(b)(2) motion is filed is a nullity."); *Maestas v. State*, 76 So. 3d 991, 993 n.1 (Fla. 4th DCA 2011) (finding the order on the motion to correct sentencing was a nullity where it was rendered more than sixty days after the motion was filed). Accordingly, the trial court's order was entered without jurisdiction and is a nullity. As a result, the parties agree the order must be stricken. *See State v. Hodges*, 151 So. 3d 531, 534 (Fla. 3d DCA 2014) (holding that when a trial court enters an order on a rule 3.800(b)(2) motion pending appeal outside of the time permitted for the ruling, the order is deemed a nullity and must be stricken).

The State agrees that remand for a written order is necessary because the trial court did not timely enter the required written order. *See Arnone v. State*, 204 So. 3d 556, 557 (Fla. 4th DCA 2016). In *Arnone*, we held:

> [W]here a court orally pronounces a reason, consistent with one or more of the factors listed under section 948.06(8)(e)(1), for its finding that the defendant, as a violent felony offender of special concern, poses a danger to the community, but fails to provide written reasons for its finding, the proper remedy is to affirm the revocation of the defendant's probation, but remand for entry of a written order conforming to the court's oral pronouncement.

*Id.* (first citing *Martin v. State*, 87 So. 3d 813, 813 (Fla. 2d DCA 2012), and then citing *Bell v. State*, 150 So. 3d 1214, 1214 (Fla. 5th DCA 2014)).

We note that the trial court's order would have been legally sufficient had it been issued timely. The order recounted the case's procedural history, including the trial court's determination that Appellant had violated his probation and the court had terminated probation. The order also noted Appellant had conceded that he had been designated a VFOSC, and that his concession was consistent with the parties' agreement to the scoresheet. The trial court denied Appellant's rule 3.800(b)(2) motion and made written findings consistent with its oral pronouncements at the end of the probation hearing regarding each factor set forth in section 948.06(8)(e)1., Florida Statutes (2022), to determine that Appellant's release posed a danger to the community. The trial court's findings included that Appellant was instructed on the conditions of probation yet committed new law violations less than eighty-two days from his release from prison.

We affirm the revocation of Appellant's probation and resulting sentences, but remand for re-entry of the trial court's written order conforming to its oral findings that Appellant, as a VFOSC, poses a danger to the community. However, Appellant is not entitled to resentencing. Resentencing is not required where the trial court orally pronounces a reason that is consistent with one or more of the factors which it must consider under section 948.06(8)(e)1. *McCray v. State*, 282 So. 3d 158, 161-62 (Fla. 2d DCA 2019).

*Affirmed; remanded for re-entry of a written order conforming to the trial court's oral pronouncement.*

DAMOORGIAN and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3