899 So.2d 1257 (2005)
Keith James FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1076.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
*1258 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals his sentence for a violation of community control after admitting to the violation.[1] He argues the original sentences in two of the three underlying cases, upon which the violation was filed, were illegal. We disagree and affirm.
In case number 93-19553 CF10A, the defendant was charged with escape, resisting arrest with violence, and two counts of battery on a law enforcement officer. In case number 93-21703 CF10A, the defendant was charged with strong armed robbery. In case number 93-18814 CF10B, the defendant was charged with four burglaries of structures. The defendant pled guilty to all of the charges. The court relied on a single scoresheet for sentencing. It provided a recommended sentencing range of 17-22 years, and a permitted range of 12-27 years.
In case number 93-19553 CF10A, the court sentenced the defendant to three years in prison on count one, to be served concurrently with three consecutive five year sentences for counts two through four, followed by two years community control and ten years probation. The defendant was credited with 142 days for time served.
In case number 93-21703 CF10A, the court sentenced the defendant to three years in prison, to run concurrent with the fifteen year sentence in the previous case, followed by two years community control and ten years probation, all of which ran concurrent with the probation *1259 and community control ordered in the previous case.
In case number 93-18814 CF10B, the court sentenced the defendant to serve two years community control and three years probation, to run concurrent with the probation and community control ordered in the other two cases.
The defendant filed a motion to correct his "illegal sentence," pursuant to Florida Rule of Criminal Procedure 3.800(a). He argued the law did not permit a prison sentence to be followed by community control and probation. The trial court denied the motion. This court affirmed. Flowers v. State, 731 So.2d 1291 (Fla. 4th DCA 1999) (Table) (hereinafter "Flowers I").
In February, 2002, the defendant was released from prison and placed on community control. Within a few months, the Department of Corrections filed an affidavit of violation of community control. The defendant admitted the violation. The court sentenced him to seventeen years on the escape count in case number 93-19533 CF10A, with a credit of 165 days served, to run concurrent with the sentence imposed in case number 93-21703. Subsequently, the court denied a new motion for post conviction relief, but corrected the seventeen-year sentence to fifteen years, the maximum allowable for the second degree felony.
The defendant requested, and this court granted, a belated appeal. The defendant also filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). The court denied the motion. It is from the sentence on the violation of community control and the order denying his motion to correct the sentencing error that the defendant now appeals.
The legality of a sentence is a question of law and is subject to de novo review. See, e.g., Wardlaw v. State, 832 So.2d 258 (Fla. 2d DCA 2002).
The defendant challenges his sentence on the basis that the original underlying sentences were illegal because the term of incarceration in case number 93-19553 CF10A necessarily overlapped the terms of community control and probation in case numbers 93-21703 CF10A and 93-18814 CF10B. The State responds the sentence is legal.[2] We agree.
A defendant may not be sentenced to prison and community supervision where the community supervision is scheduled to commence prior to the completion of the term of imprisonment. Joseph v. State, 752 So.2d 656 (Fla. 2d DCA 2000). A review of the court's oral pronouncement and written orders in this case, however, reveals the terms of community control and probation did not begin to run until the defendant's release. Specifically, the orders of community control and probation state the terms are to "commence upon release" from incarceration. The term of imprisonment and the terms of community control and probation therefore do not overlap. Simply put, the sentence is legal.
AFFIRMED.
WARNER, GROSS and MAY, JJ., concur.
NOTES
[1] The defendant filed a motion to correct sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a) on case numbers 93-19553 CF10A and 93-21703 and raised the same issue. However, the notice of appeal listed only case number 93-19553 CF10A. As the issues are identical, and have been briefed by both sides, our holding in this case applies to both cases.
[2] The State also argues the defendant's challenge is untimely, and is controlled by Flowers I. We disagree with the State on these points. First, a defendant may raise the illegality of his sentence at any time. Fla. R. Crim. P. 3.800(a). Second, the issue in Flowers I is not the same as the issue presented here and thus does not control the outcome of this case. See Owen v. State, 862 So.2d 687 (Fla. 2003).