# Supreme Court of Florida

---

No. SC18-323

---

**LAVERNE BROWN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

December 20, 2018

LAWSON, J.

We review the Fifth District Court of Appeal's decision in *Brown v. State*, 233 So. 3d 1262 (Fla. 5th DCA 2017). In *Brown*, the Fifth District expressly declared valid section 775.082(10), Florida Statutes (2015), which requires that a qualifying offender whose sentencing scoresheet totals 22 points or fewer be sentenced to a nonstate prison sanction unless the trial court makes written findings that a nonstate prison sanction could present a danger to the public. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const. As explained below, because subsection (10) requires the court, not the jury, to find the fact of dangerousness to the public that is necessary to increase the statutory maximum nonstate prison

sanction, we hold that subsection (10) violates the Sixth Amendment to the United States Constitution and quash the Fifth District's decision.

## BACKGROUND

Subsection (10) provides as follows:

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

§ 775.082(10), Fla. Stat.

But for subsection (10), the penalty for a third-degree felony would be "a term of imprisonment not exceeding 5 years" pursuant to section 775.082(3)(e), Florida Statutes (2015). However, as this Court has previously explained, with the 2009 addition of subsection (10), the Florida Legislature "reinstated" the "practice of upward departure sentences" by "requir[ing] a written finding regarding danger to the public" for offenders who would otherwise be entitled to a nonstate prison sanction pursuant to subsection (10). *Bryant v. State*, 148 So. 3d 1251, 1258 (Fla. 2014). In other words, subsection (10) marks a change from the Criminal Punishment Code (CPC) that the Legislature adopted in 1998, in that the CPC

- 2 -

"does not contemplate upward departure sentences, because generally the statutory maximum sentence is the highest possible sentence for any crime." *Id.*

In the decision on review, the Fifth District expressly declared subsection (10) valid in the context of rejecting Laverne Brown's argument that "her state prison sentence violates the Sixth Amendment, as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, because the jury did not find that she presents a danger to the public under section 775.082(10)." *Brown*, 233 So. 3d at 1262. Brown's jury found her guilty of petit theft for stealing a DVD player from a store, which was a third-degree felony based upon Brown's prior convictions. *See id.* Although Brown's scoresheet totaled 16.4 points, the trial court found that imposing a nonstate prison sanction presented a danger to the public and imposed an upward departure sentence of three years' incarceration in state prison. *Id.* at 1263. To avoid the constitutional problem of imposing an upward departure sentence based upon judicial factfinding (as opposed to facts reflected in the jury verdict or admitted by the defendant), the Fifth District adopted the Fourth District's prior classification of subsection (10) as providing for "mandatory *mitigation*" of the maximum penalty of up to 5 years' imprisonment that, but for subsection (10), would apply to Brown's third-degree felony conviction pursuant to subsection (3)(e). *Id.* at 1263-64 (citing *Porter v. State*, 110 So. 3d 962, 963 (Fla. 4th DCA 2013)); *see also id.* at 1265-66 ("[S]ection 775.082(10) is a

mitigation statute, and not one that unconstitutionally allows an increase in the statutory maximum based upon judicial fact-finding.").

Because Brown has since served her sentence and been released from custody, we limit our review to the jurisdictional issue of the Fifth District's express declaration of subsection (10)'s validity and do not reach the parties' arguments regarding harmless error and remedy.[1] *Cf. State v. Matthews*, 891 So. 2d 479, 483-84 (Fla. 2004) (retaining discretionary jurisdiction to address certified conflict concerning a sentencing issue, even though the defendant had been released from prison, explaining "[t]he mootness doctrine does not destroy [this Court's] jurisdiction because the question . . . is one of great public importance and is likely to recur" and further "elect[ing] to proceed because the problem . . . is capable of repetition yet evading review").

---

1. The statute's constitutionality is a question of law we review de novo. *See Caribbean Conservation Corp., Inc. v. Fla. Fish & Wildlife Conservation Comm'n*, 838 So. 2d 492, 500 (Fla. 2003). Although the 2015 version of the statute is at issue in this case, the language of subsection (10) has not changed since its addition in 2009. In addition, we note that the remedy to be addressed in a future case relates to the remand instructions to be given by the appellate court if it finds that a sentencing court has improperly imposed a prison sentence without a jury finding of dangerousness. In other words, whether the appellate court remand should instruct that a non-state prison sanction be imposed or afford the State an opportunity to present the dangerousness issue to a jury.

## ANALYSIS

In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). In *Blakely v. Washington*, 542 U.S. 296, 303 (2004), the Supreme Court defined the "statutory maximum" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

We agree with Brown that subsection (10) unambiguously sets the statutory maximum penalty, for *Apprendi* purposes as defined by *Blakely*, as "a nonstate prison sanction," § 775.082(10), Fla. Stat., for her and similarly situated offenders. This is because, absent a factual finding of "dangerousness to the public"—a finding not reflected in the jury's verdict on the theft charge—the statute plainly states that "the court *must* sentence the offender to a nonstate prison sanction," *id.* (emphasis added), given the crime charged and Brown's criminal history as reflected on her criminal punishment code scoresheet. Although it would have been possible for the Legislature to have written this statute as a "mitigation statute," giving the court discretion to impose up to five years unless the defendant proved non-dangerousness, the Legislature did not do so. We read statutes as they are written. *See Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) ("[W]hen the

language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (1931)).

Accordingly, we hold that subsection (10) violates the Sixth Amendment in light of *Apprendi* and *Blakely* based on its plain language requiring the court, not the jury, to find the fact of dangerousness to the public necessary to increase the statutory maximum nonstate prison sanction. *Cf. Booker v. State*, 244 So. 3d 1151, 1164 (Fla. 1st DCA 2018) (holding that "the second sentence of subsection (10) is unconstitutional under the Sixth Amendment as applied to [the defendant]" because "the trial judge's factual findings—and thereby [the defendant's] enhanced sentence—were neither based on a jury finding that he poses a 'danger to the public' nor limited to only the fact that [the defendant] had prior convictions"); *cf. also Plott v. State*, 148 So. 3d 90, 95 (Fla. 2014) ("hold[ing] that upward departure sentences that are unconstitutionally enhanced in violation of *Apprendi* and *Blakely* patently fail to comport with constitutional limitations, and consequently, the sentences are illegal under rule 3.800(a)").

## CONCLUSION

Because subsection (10) violates the Sixth Amendment by requiring the court rather than the jury to make the finding of dangerousness to the public

necessary to increase the statutory maximum nonstate prison sanction to a state prison sentence, we quash the Fifth District's express declaration of subsection (10)'s validity in *Brown* and disapprove the Fourth District's decision in *Porter* rejecting a similar Sixth Amendment challenge to subsection (10). In order for a court to impose any sentence above a nonstate prison sanction when section 775.082(10) applies, a jury must make the dangerousness finding.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and LABARGA, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Statutory Validity/Constitutional Construction

Fifth District - Case No. 5D16-1045

(Orange County)

James S. Purdy, Public Defender, and Matthew Funderburk, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Wesley Heidt, Bureau Chief, and Marjorie Vincent-Tripp, Assistant Attorney General, Daytona Beach, Florida,

for Appellee