# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3335

_____

KEITA JERMAINE GAYMON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

April 11, 2019

PER CURIAM.

Keita Gaymon admitted to violating his probation, and his corrected scoresheet reflected a total of twenty sentencing points. Because he scored less than twenty-two sentencing points, Gaymon argues that pursuant to section 775.082(10), Florida Statutes (2015), the trial court was required to sentence him to a nonstate prison sanction. However, pursuant to section 775.082(10), the trial court made written findings that Gaymon could present a danger to the public if subject only to a nonstate prison sanction and sentenced Gaymon to five years' imprisonment. Gaymon argues that the enhancement of his sentence under section 775.082(10) is unconstitutional because a jury, not a judge, is required to make the factual findings that were

used to increase his punishment beyond the statutory maximum of a nonstate prison sanction.

The outcome of this case is controlled by *Brown v. State*, 260 So. 3d 147 (Fla. 2018). There, the supreme court held that section 775.082(10) was unconstitutional as it applied to Brown because it authorized the trial court to make factual findings unrelated to her prior convictions that increased her maximum sentence from one year in county jail to three years in prison contrary to the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). *Brown*, 260 So. 3d at 149-51. Here, the record demonstrates that the trial court relied on more than Gaymon's prior convictions to support its decision to impose a state prison sentence, including a finding that the short time between the commencement of Gaymon's probation and his violation demonstrated an apparent lack of self-control and that Gaymon's choices and behaviors could not be explained by a drug or substance addiction. Based on these findings, the trial court determined that sentencing Gaymon to a nonstate prison sanction posed a danger to the public and therefore increased Gaymon's maximum sentence from one year in county jail to five years in prison. Because the court's order reflects that the court relied on more than just Gaymon's prior convictions when it imposed his sentence, we reverse Gaymon's sentence as required by *Brown*.

As for the instructions on remand, the supreme court in *Brown* declined to reach the parties' arguments regarding the appropriate remedy because Brown had already served her sentence by the time the court reviewed her case. *Id.* at 149-50. Although the supreme court noted that the proper procedure on remand would be answered in a future case, it specifically recognized as options that an appellate court could either instruct the lower court to impose a nonstate prison sanction or afford the State an opportunity to present the dangerousness issue to the jury. *Id.* at n.1. This Court has already determined that on remand, if the defendant remains incarcerated, the proper remedy is to remand for resentencing under the prior version of section 775.082(10). *Booker v. State*, 244 So. 3d 1151, 1169 (Fla. 1st DCA 2018). In *Booker*, this Court certified the following question of great public importance:

2

WHETHER THE SECOND SENTENCE IN SUBSECTION (10) OF SECTION 775.082, FLORIDA STATUTES, WHICH AUTHORIZES A TRIAL JUDGE TO MAKE FACTUAL FINDINGS INDEPENDENT OF A JURY AS TO AN OFFENDER'S POTENTIAL "DANGER TO THE PUBLIC" AND TO IMPOSE A STATE PRISON SENTENCE THAT EXCEEDS THE MAXIMUM NONSTATE SANCTION OF UP TO ONE YEAR IN COUNTY JAIL VIOLATES THE SIXTH AMENDMENT AS APPLIED TO BOOKER? IF THE ERROR IS NOT HARMLESS, WHAT REMEDY IS APPROPRIATE?

*Id.* The question remains pending before the supreme court. *Booker v. State*, 244 So. 3d 1151 (Fla. 1st DCA 2018), *review pending* SC18-752. Until the supreme court addresses the question, we are compelled by *Booker* to remand Gaymon's case with instructions that the sentencing court resentence him under the prior version of section 775.082(10). *Id.*

REVERSED and REMANDED.

WOLF, LEWIS, and ROWE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

3