DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAN C. CASIANO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D18-3255 & 4D18-3257

[September 18, 2019]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case Nos. 312017CF001209A and 312018CF000831A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Juan C. Casiano raises two challenges to the prison sentences he received after entering a partially negotiated no contest plea to several driving offenses. First, he argues the court erred when it, and not a jury, made a finding that he was a danger to the public under section 775.082(10), Florida Statutes (2018). Second, he argues the court's findings were legally insufficient to demonstrate that he would pose a danger to the community if sentenced to a nonstate prison sanction. But because Casiano has served the sentence he challenges on appeal and has been released from prison, we dismiss this appeal as moot.

When the court sentenced Casiano to state prison, it applied section 775.082(10), Florida Statutes. For a defendant who scores fewer than twenty-two sentencing points and is being sentenced for a third-degree felony, that section allows the court to "sentence the offender to a state correctional facility" if it makes "written findings that a nonstate prison sanction could present a danger to the public." *Id.* Otherwise, the court must sentence the defendant to a nonstate prison sanction. *Id.*

At the time of Casiano's sentencing, the court properly applied the statute because we had previously rejected his exact argument. *See Porter v. State*, 110 So. 3d 962 (Fla. 4th DCA 2013). In *Porter*, we rejected a defendant's argument that a jury must make a finding that he was a danger to the community. *Id.* at 963. The circuit court therefore correctly complied with our decision in *Porter* when it rejected Casiano's challenge.

But after the court sentenced Casiano, our supreme court disapproved *Porter*. *Brown v. State*, 260 So. 3d 147, 151 (Fla. 2018). In *Brown*, the supreme court held that section 775.082(10) "violates the Sixth Amendment by requiring the court rather than the jury to make the finding of dangerousness to the public necessary to increase the statutory maximum nonstate prison sanction to a state prison sentence." *Id.* As a result, "for a court to impose any sentence above a nonstate prison sanction when section 775.082(10) applies, a jury must make the dangerousness finding." *Id.*

Based on *Brown*, Casiano is correct that the court erred when it made a finding that he posed a danger to the community, a finding a jury needed to make. Even so, we cannot reverse Casiano's sentence.

During this appeal, Casiano served his sentence and was released from prison. Casiano's appeal therefore is moot. *See Woods v. State*, 214 So. 3d 803, 804-05 & n.1 (Fla. 1st DCA 2017) (on reh'g en banc) (Makar, J., concurring in affirmance). In *Woods*, the First District issued an en banc per curiam affirmed decision with multiple concurring and dissenting opinions. Woods raised the same challenge to section 775.082(10) as Casiano and, like Casiano, Woods was released from prison before the en banc argument being scheduled. *Id.* at 804-05 (Makar, J., concurring in affirmance).

Woods's release from prison led eight out of the fourteen judges to agree the appeal was moot.[1] In Judge Makar's concurring opinion, joined by four other judges, he explained that Woods's appeal was moot. *Id.* at 804-05 & n.1 (Makar, J., concurring in affirmance). But he explained that mootness does not destroy an appellate court's jurisdiction when the issue is of great public importance and likely to recur. *Id.* (Makar, J., concurring in affirmance). In Judge Winsor's dissenting opinion, joined by two other judges, he agreed the appeal was moot and argued it should be dismissed. *Id.* at 825-26 (Winsor, J., dissenting).

---

[1] There are fifteen judges on the First District Court of Appeal, but one judge was recused.

In a later case, that court addressed this issue of mootness and the prison releasee reoffender statute. *Johnson v. State*, 260 So. 3d 502, 505 (Fla. 1st DCA 2018). As here, Johnson was released from prison during the appeal. *Id.* Despite the apparent earlier agreement of eight judges that the issue was moot, a split three-judge panel in *Johnson* reached a different result. *See id.* The majority stated that because "adverse legal consequences could befall Appellant as a result of his sentence," the appeal was not moot. *Id.* In dissent, Judge Rowe stated that she "would dismiss the appeal as moot. Johnson was sentenced to 383 days and given credit for the 383 days he had already served in a Department of Corrections' facility." *Id.* at 509 (Rowe, J., dissenting).

We agree with Judge Rowe's opinion in *Johnson* and those of the eight judges on the First District who agreed the appeal in *Woods* was moot. When a defendant challenges a sentence that has been served, the appeal is dismissed as moot. *See, e.g.*, *Williams v. State*, 591 So. 2d 295, 296 (Fla. 4th DCA 1991) (citing *Williams v. State*, 549 So. 2d 734, 735 (Fla. 2d DCA 1989)). That is the required result in this case.

We recognize Casiano's argument that a collateral consequence may flow from his sentence: his potential designation as a prison releasee reoffender under section 775.082(9)(a)1., Florida Statutes. But any collateral consequence that might flow from Casiano's detention in a state prison facility has not materialized. Section 775.082(9)(a)1. is clear and unambiguous and applies when a defendant is released from a state facility and is later being sentenced for a new offense. *State v. Lewars*, 259 So. 3d 793, 798 (Fla. 2018) (citing § 775.082(9)(a)1., Fla. Stat. (2012)).

The statute exists to provide for "heightened punishment for repeat offenders whose recent imprisonment 'did not dissuade [them] from engaging in the qualifying offense[s].'" *Id.* at 802 (alterations in original) (quoting *Grant v. State*, 770 So. 2d 655, 660 (Fla. 2000)). So "the length of the sentence is not a determining factor." *Id.* at 799. Instead, the determinative factor is whether the defendant was released from a county jail or a state correctional facility. *Id.* at 800.[2]

But we do not assume Casiano's punishment failed to dissuade him from engaging in future qualifying offenses. Nor do we preclude him from challenging the application of the prison releasee reoffender statute in any

---

[2] After *Lewars* was issued, the legislature amended the statute to include defendants released from a Department of Corrections' facility *or* "a county detention facility following incarceration for an offense for which the sentence pronounced was a prison sentence . . . ." § 775.082(9)(a)1., Fla. Stat. (eff. Oct. 1, 2019).

future case in which the State seeks to apply it.  Instead, we determine that we can offer no relief here.  His sentence was served, and his appeal is moot.

*Appeal dismissed.*

LEVINE, C.J., and DAMOORGIAN, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**