DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAREK LEE LEWIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D18-2548 and 4D18-2549

[November 27, 2019]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case Nos. 56-2017-CF-001171A and 56-2017-CF001977A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Darek Lewis pled guilty to two counts of felony petit theft and one count of possession of drug paraphernalia. He was sentenced to county jail, followed by probation.

Shortly after his release from jail, he entered an open plea to a violation of probation. He scored 19.3 points on his Criminal Punishment Code Scoresheet. Because he scored less than 22 points, his sentence fell under section 775.082(10), Florida Statutes (2018), which provides:

> (10) If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the

public, the court may sentence the offender to a state correctional facility pursuant to this section.

Instead of imposing a nonstate prison sanction, the trial court found that Lewis presented a "danger to the public" because he was "a chronic, habitual thief"[1] and sentenced him to five years in state prison.

After Lewis was sentenced, the Florida Supreme Court decided *Brown v. State*, 260 So. 3d 147 (Fla. 2018); the Court held that section 775.082(10) was unconstitutional to the extent that it required the court, and not a jury, to make the dangerousness finding that would permit sentencing a defendant to state prison.

Lewis moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(b)(2). The state conceded that Lewis was entitled to resentencing, but argued that the trial court was bound by *Booker v. State*, 244 So. 3d 1151 (Fla. 1st DCA 2017), *rev. granted*, SC18-752, 2019 WL 1434049 (Fla. Apr. 1, 2019). *Booker* permitted the judge to impose the statutory maximum of five years in prison. The sentencing judge followed *Booker* and sentenced Lewis to five years in prison.

*Brown* did not commit itself to the *Booker* remedy. In dicta contained in footnote 1, the Florida Supreme Court leaned to a remedy more deferential to the Legislature than the *Booker* approach; the Court observed that a "future case" would address the proper remand instructions where a court imposed a prison sentence without a jury finding of dangerousness. *Brown*, 260 So. 3d at 151 n.1. The Court described the resentencing options — "whether the appellate court remand should instruct that a non-state prison sanction be imposed or afford the State an opportunity to present the dangerousness to a jury." *Id.*

Consistent with *Brown,* we reverse the sentence imposed and remand to the circuit court. On remand, if the state seeks enhanced sentencing, the issue of whether Lewis is a danger to the public shall be presented to a jury. If the jury makes a dangerousness finding, the circuit court may make "written findings" based on the jury's verdict and sentence Lewis to a state prison sanction. § 775.082(10), Fla. Stat. Without a jury finding of dangerousness, Lewis must be sentenced to a "nonstate prison sanction." *Id.*

GROSS, KLINGENSMITH and KUNTZ, JJ., concur.

---

[1] We do not reach the issue of whether chronic, habitual thievery qualifies as a "danger to the public" within the meaning of section 775.082(10).

* * *

*Not final until disposition of timely filed motion for rehearing.*