DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RYAN CHRISTOPHER BUCHMANN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2904

[April 29, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 312018CF001347A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The remedy for application of an unconstitutional statute is the subject of this appeal. The defendant appeals his prison sentence imposed on a violation of probation. He argues the trial court erred in employing statutory revival to justify his prison sentence under section 775.082(10), Florida Statutes (2018). We agree and reverse.

The State charged the defendant with third-degree grand theft for shoplifting items from Target. The defendant entered a negotiated no contest plea and received eight months in county jail followed by two years' probation. He violated his probation.

At the violation hearing, the trial court advised the defendant of the maximum sentence of five years in prison. The defendant then entered an open plea. The court proceeded to sentencing.

The defendant's scoresheet reflected 20.6 points. He requested a non-state prison sanction because he scored less than 22 points. The State

asked for a 24-month prison sentence because the defendant violated probation three times. The State relied on *Booker v. State,* 244 So. 3d 1151, 1164 (Fla. 1st DCA 2018), *rev'd, Gaymon v. State,* 288 So. 3d 1087 (Fla. 2020). There, the First District held the second sentence of section 775.082(10) unconstitutional, but affirmed a prison sentence utilizing statutory revival.

The defendant argued *Booker* was not binding. He advised there had been neither a jury, nor judicial finding that he was a danger to the public. He argued without such a finding, the trial court could not impose a prison sentence.

Relying on *Booker,* the trial court used statutory revival. It utilized a prior version of section 775.082(10), and sentenced the defendant to 30 months in prison with credit for 224 days served. The defendant now appeals.

The defendant argues the trial court erred by imposing a prison sentence without a jury finding that he presented a danger to the public. The State responds the trial court properly applied *Booker.* It was the only district court decision at the time addressing the constitutionality of section 775.082(10) and providing a remedy.

We have de novo review of this legal question. *Flowers v. State,* 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005).

Section 775.082(10), Florida Statutes, provides:

> (10) If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. **However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section**.

*Id.* (emphasis added).

The State is correct that *Booker* was the only authority on the issue at the time of sentencing. There, the First District declared the second sentence of section 775.082(10) unconstitutional. It articulated the

following remedies:

> (a) engrafting a "jury trial" requirement into the last sentence of subsection (10) and remanding for proceedings under a judicially-revised process; (b) construing "must" in the first sentence of subsection (10) to mean "may" thereby making compulsory nonstate prison sanctions non-compulsory and raising the relevant statutory maximum sentence to a state prison term; (c) remanding for resentencing under the first sentence of subsection (10) only; or (d) remanding for resentencing under the prior version of the sentencing statute, i.e., statutory revival.

*Id.* at 1166. The First District employed the fourth option of statutory revival. *Id.* at 1168–69.

Shortly after the defendant's sentencing, our supreme court agreed with *Booker* and declared the second sentence of section 775.082(10) unconstitutional. *Brown v. State*, 260 So. 3d 147, 149–50 (Fla. 2018). But, the court stopped short of suggesting a remedy. *Id.* at 149–150.

More recently, our supreme court rejected the statutory revival remedy "because it would be inconsistent with the plain purpose of th[e] legislative enactment—mandating nonstate prison sanctions for most low-scoring offenses." *Gaymon*, 288 So. 3d at 1091.

*Gaymon* is dispositive.[1] The trial court cannot revive the previous statutory version of section 775.082(10) to justify the imposition of a prison sentence. We therefore reverse and remand the case for resentencing. *See Lewis v. State*, 286 So. 3d 290 (Fla. 4th DCA 2019) (reversing and remanding the case for a jury determination on whether the defendant is a danger to the public or for imposition of non-state sanctions).

Here, the defendant's criminal punishment code scoresheet reflected a total of 20.6 points, qualifying him for a non-state prison sanction under section 775.082(10). Upon remand, the trial court has two options: (1) impose a non-state sanction; or (2) empanel a jury to make a finding that the defendant is a danger to the public.

*Reversed and Remanded.*

---

[1] We understand the trial court did not have the benefit of *Gaymon* at the time of sentencing.

GROSS and GERBER, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*