DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MOHAMED DONALD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3461

[February 10, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 17-5508CF10A.

Brian F. Greenwald, Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Mohamed Donald appeals his sentence for three counts of grand theft and three counts of unlawfully operating as a real estate broker. As the State concedes, the sentence contravened a Florida sentencing statute, as interpreted by the Florida Supreme Court, so we reverse the sentence and remand for resentencing consistent with this opinion.

The State charged Donald with the six third-degree felonies referenced above. The charges arose out of a scheme in which he posed as a real estate agent, fraudulently offered homes for rent, collected initial payments from the victims, and then cut off all communications with them.

Donald entered no contest pleas to the six felonies. He had no prior record and scored 14.5 points on his sentencing scoresheet.

At the sentencing hearing, Donald requested a probation sentence. The circuit judge heard testimony from one of the victims and read a letter from another victim. The judge adjudicated Donald guilty and sentenced him to a total of 15 years in prison, followed by 10 years of probation, with

credit for time served. The judge made a written finding that Donald was a danger to the community.

Donald filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) that raised the sentencing issue we consider in this appeal. The circuit court denied the motion.

Section 775.082(10), Florida Statutes (2016) provides that if (1) a defendant is sentenced for a qualifying felony and (2) the defendant's sentence points are 22 or fewer, "the court must sentence the offender to a nonstate prison sanction." Significantly, the statute contains an exception: "[I]f the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section." *Id.*

The Florida Supreme Court has held that a section 775.082(10) dangerousness finding must be made by a jury, not a judge. *Brown v. State*, 260 So. 3d 147, 150 (Fla. 2018). The statute violates the Sixth Amendment by "requiring the court, not the jury, to find the fact of dangerousness to the public necessary to increase the statutory maximum nonstate prison sanction." *Id.* "[F]or a court to impose any sentence above a nonstate prison sanction when section 775.082(10) applies, a jury must make the dangerousness finding." *Id.* at 151.

The circuit court erred in this case by making the section 775.082(10) dangerousness finding. We reverse the sentence and remand to the circuit court "for resentencing with instructions to either impose a nonstate [prison] sanction of up to one year in county jail or empanel a jury to make the determination of dangerousness, if requested by the State." *Gaymon v. State*, 288 So. 3d 1087, 1089–90 (Fla. 2020).

*Reversed and remanded with instructions.*

LEVINE, C.J., and ARTAU, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2