# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D2023-0825
Lower Tribunal No. CF19-007074-XX

———————————————

KYLE KENNETH KLICK,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

Appeal from the Circuit Court for Polk County.
Sharon M. Franklin, Judge.

August 30, 2024

PER CURIAM.

This criminal appeal presents the question of whether the Florida Supreme Court's holding in *Brown v. State*, 260 So. 3d 147 (Fla. 2018), applies to a defendant's resentencing that occurs upon the revocation of the defendant's original probationary sentence.[1] Adopting the Second District's reasoning in *Shields v. State*,

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

296 So. 3d 967 (Fla. 2d DCA 2020), we hold that *Brown* does apply to a resentencing that occurs after the revocation of a defendant's original probationary sentence.

<u>**Background and Procedural History**</u>

Appellant Kyle Klick ("Defendant") pled nolo contendere to a charge of felony petit theft, a third-degree felony, under section 812.014(3)(c), Florida Statutes (2019). He scored 12.2 points on his Criminal Punishment Scoresheet which required that he be sentenced to a nonstate prison sanction. *See* § 775.082(10), Fla. Stat. (2019). The trial court adjudicated him guilty and sentenced him to sixty days in the county jail followed by thirty-six months' probation.

After Defendant served his jail sentence and during his period of probation, his probation officer filed an affidavit of violation of probation alleging that Defendant committed a petit theft, which constituted a violation of one of the conditions of his probation. Subsequently, the violation of probation affidavit was amended to add three additional allegations of violations of his probation, including failing to report to his probation officer and committing the new offense of driving with a suspended or revoked driver's license.

Defendant admitted to all of the allegations in the amended affidavit of violation of probation. The trial court revoked Defendant's probation and conducted a resentencing. At the resentencing, Defendant's counsel argued that because Defendant scored only 12.2 points, he could not be sentenced to prison. Defendant's

2

counsel argued that a county jail sentence between time served and 364 days was appropriate. The State recited Defendant's criminal history of theft and requested that the trial court impose a sentence of four years in state prison. The State noted that the trial court would have to make written findings in order to justify the prison sentence.

The trial court agreed with the State's argument and sentenced Defendant to four years in state prison. In its oral ruling, the trial court found that Defendant was a danger to the community based on Defendant's prior history of recidivism. The trial court then issued its "Written Findings Pursuant to Section 775.082(10), Fla. Statutes" ("Written Findings") in which it justified the "upward departure" of Defendant's sentence. In its Written Findings, the trial court found, among other things, that:

> The offender's blatant conduct with regards to the new theft charge in Orange County while on probation and the numerous criminal convictions for Petit Theft indicate that the offender poses a danger and a threat to the community and a threat to property in the State of Florida and an upward departure was necessary to protect the public from the defendant's behavior.

Defendant filed a timely notice of appeal of the trial court's sentence and subsequently, a motion to correct sentencing error, which was deemed denied under Florida Rule of Criminal Procedure 3.800(b)(2)(B) when the trial court failed to rule on the motion within sixty days.

## Analysis

Defendant makes two arguments on appeal. First, Defendant argues, based on *Brown*, that the trial court's finding of dangerousness was error because that finding could only be made by a jury. Defendant further argues that the trial court erred when it determined that he himself could present a danger to the public instead of determining whether sentencing Defendant to a nonstate prison sentence posed a danger to the public. We agree with Defendant on both arguments.

**I.      Section 775.082(10) and *Brown v. State***

Section 775.082(10), Florida Statutes, provides:

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third-degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.[2]

"Although section 775.082(10) does not define 'nonstate prison sanction,' the phrase is understood to mean probation, community control, or imprisonment in the county jail for up to one year." *Reed v. State*, 192 So. 3d 641, 645 (Fla. 2d DCA

---

[2] The finding "that a nonstate prison sanction could present a danger to the public" is generally referred to in the case law as a "dangerousness finding." *Brown*, 260 So. 3d at 150; *Shields*, 296 So. 3d at 970; *Riordan v. State*, 275 So. 3d 226, 228 (Fla. 5th DCA 2019); *Pine v. State*, 331 So. 3d 304, 305 n.1 (Fla. 5th DCA 2021).

2016) (quoting *Jones v. State*, 71 So. 3d 173, 175 (Fla. 1st DCA 2011) (internal quotations omitted)).

In *Brown*, applying *Apprendi*[3] and *Blakely*[4], the Florida Supreme Court held that a jury must make the required finding of dangerousness (or the defendant must admit to it) before a state prison sentence can be imposed under Section 775.082(10). 260 So. 3d at 150-51.

> The [Florida Supreme Court] explained that the statutory maximum sentence for a defendant with fewer than twenty-two sentencing points is "a nonstate prison sanction," since that is the maximum sentence that a judge could impose solely on the basis of the facts reflected by a jury verdict. [*Brown*, 260 So. 3d at 150] (citing *Blakely*, 542 U.S. at 303, 124 S.Ct. 2531). It therefore held that "subsection (10) violates the Sixth Amendment in light of *Apprendi* and *Blakely* based on its plain language requiring the court, not the jury, to find the fact of dangerousness to the public necessary to increase the statutory maximum nonstate prison sanction." *Id*. "In order for a court to impose any sentence above a nonstate prison sanction when section 775.082(10) applies, a jury must make the dangerousness finding." *Id*. at 151.

*Shields*, 296 So. 3d at 970. Thus, at Defendant's original sentencing upon his plea of nolo contendere, the trial court could not have sentenced Defendant to state prison without a jury finding of dangerousness under Section 775.082(10).

The question presented in this case is whether the judge was permitted to make the finding of dangerousness at Defendant's resentencing upon revocation of his

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
[4] *Blakely v. Washington*, 542 U.S. 296 (2004).

5

probation or, pursuant to *Brown*, was a jury required to make the finding of dangerousness. In other words, does the holding of *Brown* apply to a resentencing that occurs after the revocation of a defendant's original probationary sentence? Writing for the Second District, former Judge Salario addressed this question directly and, we believe, correctly in *Shields*. Having reviewed Judge Salario's reasoning in *Shields*, we cannot improve upon it. For this reason, we adopt the reasoning of *Shields* and hold that *Brown* applies to a resentencing that occurs after the revocation of a defendant's original probationary sentence. Thus, when a defendant that was sentenced to a nonstate prison sanction under Section 775.082(10) is subsequently resentenced for the defendant's original offense upon a revocation of the defendant's original probationary sentence, the trial court cannot sentence the defendant to state prison unless a jury makes the dangerousness finding required by Section 775.082(10).

The Florida Supreme Court has held that the remedy for a court, instead of a jury, making the finding of dangerousness under Section 775.082(10) is to remand with instructions to either impose a nonstate prison sanction or to empanel a jury to make the required dangerousness finding, if the State seeks that finding at the resentencing. *Gaymon v. State*, 288 So. 3d 1087, 1093 (Fla. 2020). Therefore, we reverse Defendant's sentence and remand with that instruction.

6

## II. The correct dangerousness finding to be made.

Defendant is also correct that the trial court erred when it determined that Defendant himself could present a danger to the public instead of determining whether sentencing Defendant to a nonstate prison sentence posed a danger to the public. The plain language of Section 775.082(10) unambiguously provides that the dangerousness finding that must be made before a defendant can be sentenced to a state prison sentence is that "a nonstate prison sanction could present a danger to the public." *See Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012) (observing that in interpreting statutes, Florida courts "follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'")). Such a finding is not the same as a finding that Defendant himself could present a danger to the public. *Pine v. State*, 331 So. 3d 304, 305 (Fla. 5th DCA 2021) ("[R]eversal is necessary because the jury in the sentencing proceeding was incorrectly instructed to determine whether [the defendant] himself—as opposed to a nonstate prison sentence—could present a danger to the public."). Therefore, if the State seeks a state prison sentence on remand and the trial court empanels a jury to make the required dangerousness finding, the question

the jury must be instructed to decide is whether sentencing Defendant to a nonstate prison sentence could present a danger to the public.[5]

## **Conclusion**

Defendant's sentence is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED and REMANDED with instructions.

NARDELLA and MIZE, JJ., and LAMBERT, B.D., Associate Judge, concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Sonia C. Lawson, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[5] While the appropriate language for such a jury instruction is not an issue before us in this appeal, we can foresee the complexities involved in drafting a jury instruction that properly instructs a jury to decide whether sentencing a defendant to a nonstate prison sentence could present a danger to the public. For this reason, we hereby make a referral to the Committee on Standard Jury Instructions in Criminal Cases to consider recommending a standard jury instruction concerning the application of Section 775.082(10). The Clerk of Court will forward a copy of this opinion to the Committee.