# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2250
LT Case No. 2020-CF-4302-A

———————————————

LLOYD NEWMAN DUBUC,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Marion County.
Peter M. Brigham, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kaylee D.
Tatman, Assistant Attorney General, Daytona Beach, for
Appellee.

July 18, 2025

JAY, C.J.

The trial court imposed an upward departure prison sentence.
Because the court did so based on a finding that only a jury can
make, we reverse.

A jury found Appellant guilty of driving with a permanently
revoked license and resisting a law enforcement officer without
violence. The court acknowledged that Appellant qualified for a

nonstate prison sanction but found that such a sanction could endanger the public. *See* § 775.082(10), Fla. Stat. (2020) (providing that when a defendant commits a third-degree, non-forcible felony and has 22 points or fewer on his scoresheet, he must receive a nonstate prison sanction unless that sanction "could present a danger to the public"). Based on this finding, the court sentenced Appellant to four years in prison. Appellant moved for a sentencing correction under Florida Rule of Criminal Procedure 3.800(b)(2). Citing *Brown v. State*, 260 So. 3d 147 (Fla. 2018), he argued that only a jury could make the dangerousness finding. The court denied relief. Our review is de novo. *See State v. Janes*, 351 So. 3d 646, 648 (Fla. 5th DCA 2022).

In *Brown*, the Supreme Court of Florida held that "for a court to impose any sentence above a nonstate prison sanction when section 775.082(10) applies, a *jury* must make the dangerousness finding." 260 So. 3d at 151 (emphasis added); *see also* Fla. R. Crim. P. 3.704(d)(31) (reflecting this requirement). The Court reached this conclusion by applying *Apprendi v. New Jersey*, 530 U.S. 466 (2000), where the Supreme Court of the United States held that a jury must find any fact—other than a prior conviction—that increases a defendant's sentence beyond the prescribed statutory maximum. *Brown*, 260 So. 3d at 150.

Here, because a jury did not make the dangerousness finding, Appellant argues that his prison sentence is illegal. The State does not dispute the merits of Appellant's argument but claims that it is unpreserved since he did not raise it until moving for relief under Rule 3.800(b)(2)—that is, after his sentencing hearing. The State is incorrect. *See Klick v. State*, 393 So. 3d 820, 822 (Fla. 6th DCA 2024) (holding that an appellant was entitled to relief under *Brown* in a case where he "filed a timely notice of appeal of the trial court's sentence and subsequently, a motion to correct sentencing error" under Rule 3.800(b)(2)); *Lamberson v. State*, 317 So. 3d 286, 287 (Fla. 2d DCA 2021) (agreeing that "appellate counsel was ineffective for failing to file a motion under Florida Rule of Criminal Procedure 3.800(b)(2) to preserve the issue of the illegality of [the appellant's] sentence" under *Brown*); *Donald v. State*, 310 So. 3d 948, 949–50 (Fla. 4th DCA 2021) (reversing a sentence in a case where the appellant "filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure

2

3.800(b)(2) that raised the sentencing issue [*Brown*] we consider in this appeal"); *Hollingsworth v. State*, 293 So. 3d 1049, 1051 (Fla. 4th DCA 2020) (explaining that a Rule 3.800(b)(2) motion is "the proper method" for raising an *Apprendi* violation).

The State also contends that Appellant invited the court's error, pointing to a brief exchange between the court and defense counsel at sentencing. Counsel said, "Yes, Your Honor" when the court referenced the possibility of finding that Appellant is "otherwise dangerous," but the court said nothing more about what that meant. Looking at the exchange in context, counsel did not "invite" the court to make a ruling or otherwise lead the court into error. *See Alexander v. Quail Pointe II Condo.*, 170 So. 3d 817, 822 (Fla. 5th DCA 2015) (quoting *Volusia County. v. Niles*, 445 So. 2d 1043, 1048 (Fla. 5th DCA 1984); *Keller Indus., Inc. v. Morgart*, 412 So. 2d 950, 951 (Fla. 5th DCA 1982)). The hallmark of invited error is asking a trial court to do something and then arguing on appeal that the court should not have listened. *See, e.g.*, *Roberts v. Fla. Ins. Guar. Ass'n*, 50 Fla. L. Weekly D1462, 2025 WL 1831585, at *1 (Fla. 5th DCA July 3, 2025) (finding invited error where the appellant "attack[ed] a procedure that she advocated below"); *Gjokhila v. Seymour*, 349 So. 3d 496, 501–02 (Fla. 1st DCA 2022) (holding that it was invited error for a party to complain on appeal about "an agreement that she asked the court to approve"); *Flowers v. State*, 149 So. 3d 1206, 1208 (Fla. 1st DCA 2014) ("Mr. Flowers knowingly sought the instruction, the jury used the instruction, and he now takes issue with the instruction. This falls squarely within the invited error doctrine."). That is far from what occurred here.

The bottom line is that the court enhanced Appellant's sentence based on a finding that only a jury can make. *See Brown*, 260 So. 3d at 151. Therefore, we reverse Appellant's prison sentence and remand for the court to either impose a nonstate prison sanction or empanel a jury to make the dangerousness finding, if requested by the State. *See Gaymon v. State*, 288 So. 3d 1087, 1089–90 (Fla. 2020); *Klick*, 393 So. 3d at 823.

REVERSED and REMANDED with instructions.

HARRIS, J., concurs.

3

EISNAUGLE, J., concurs specially with opinion.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————

EISNAUGLE, J., concurring specially with opinion.

I agree that we must reverse Appellant's sentence because we are bound by the Florida Supreme Court's interpretation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as set forth in *Brown v. State*, 260 So. 3d 147 (Fla. 2018). I also agree that *Gaymon v. State*, 288 So. 3d 1087, 1089–90 (Fla. 2020), permits the State to request a jury determination on remand. However, I write to explain why I respectfully submit that our supreme court should reconsider the remedy announced in *Gaymon*.

Section 775.082(10) provides:

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the *court* makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

§ 775.082(10) (emphasis added). Important here, the Legislature could have assigned the dangerousness finding to the jury. It did not. Instead, it required the court to make the finding.

Florida's Constitution contains an express separation of powers provision. Article II, Section 3 states:

> The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers

appertaining to either of the other branches unless expressly provided herein.

Art. III, § 3, Fla. Const.

The separation of powers is no technicality. As Justice Scalia observed, "[w]ithout a secure structure of separated powers, our Bill of Rights would be worthless, as are the bills of rights of many nations of the world that have adopted, or even improved upon, the mere words of ours." *Morrison v. Olson*, 487 U.S. 654, 697 (1988) (Scalia, J., dissenting).

Consistent with this strict separation of powers, Florida's courts are without authority "to add words to statutes that were not placed there by the Legislature." *Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999). Nor can we modify a statute's express terms. *Koster v. Sullivan,* 160 So. 3d 385, 390 (Fla. 2015); *Pepper v. Pepper*, 66 So. 2d 280, 284 (Fla. 1953). "To do so would be an abrogation of legislative power." *Koster*, 160 So. 3d at 390 (citation omitted).

Perhaps the Legislature, if given the opportunity, would choose *Gaymon*'s remedy. But that is beside the point. The Legislature alone must wield the legislative power, and I can find no exception to Florida's separation of powers applicable here.

6