# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D2024-1311
1D2024-1312
1D2024-1313
(Consolidated for disposition)*
_____

JOSEPH SANDERSON,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Clifton Alan Drake, Judge.

May 13, 2026

OPINION ON MOTION FOR REHEARING OR CERTIFICATION

PER CURIAM.

We grant, in part, Appellant's motion for rehearing or for certification filed April 13, 2026, withdraw our opinion of April 1, 2026, and substitute this opinion in its place in order to correct the

---

*Santa Rosa County case number 2021-CF-806 generated appeal number 1D2024-1311; case number 2022-CF-117 became 1D2024-1312; and case number 2023-CF-970 became 1D2024-1313.

reference to Appellant's reported violation of probation. We otherwise deny the motion.

This case joins many others testing the application of *Erlinger v. United States*, 602 U.S. 821 (2024). Appellant argues that *Erlinger* bars a trial court from finding that a defendant is a violent felony offender of special concern (VFOSC) or that a VFOSC is a danger to the community; and that instead, a jury must make such findings. We reject the argument and affirm Appellant's judgment and sentence.

Appellant was on sex-offender probation after admitting guilt for fifteen counts of possession of child sexual abuse material in case number 2021-CF-80; and two counts of attempted sexual battery plus one count of attempted lewd and lascivious molestation, in case number 2022-CF-117 (victim under age 12). He does not dispute that these offenses qualified him for VFOSC status. *See* § 948.06(8)(b)1., Fla. Stat. (2023) (defining VFOSC as a person on felony probation or community control for a qualifying offense). He also does not dispute that he violated his sex-offender probation by failing to register a cell phone as a sex offender and accessing the internet, and was reported for having prohibited contact with a minor, addressed in case number 2023-CF-970.

Appellant pleaded straight up to the trial court. The court made express written findings that Appellant qualified as a VFOSC, and found him to be a danger to the community. *See* § 948.06(8)(c)4.–5., 8., Fla. Stat. (defining "qualifying offense" as including sexual battery, attempted sexual battery, actual or attempted lewd or lascivious battery, and actual or attempted sexual performance by a child). The court sentenced him to twenty-five years in prison, covering two sexual battery counts; and 234 months prison for the numerous additional counts, concurrent with each other and concurrent with the battery sentence.

The fact that Appellant's criminal punishment scoresheet was increased due to his qualifying as a VFOSC does not violate his Sixth Amendment right to a jury trial. A judge is authorized to use "judicial records, plea agreements, and colloquies between a judge and the defendant . . . for the 'limited function' of determining the fact of a prior conviction and the then-existing elements of that

2

offense." *Erlinger*, 602 U.S. at 839; *see also* § 90.202(6), Fla. Stat. (authorizing courts to take judicial notice of records of any state or federal court); *Gilbert v. State*, 397 So. 3d 57, 59 (Fla. 4th DCA 2024) (recognizing court's authority to take judicial notice of original sentencing records to establish habitual felony offender status).

The Supreme Court in *Erlinger* expressly recognized that a court can "undertake the job of finding the fact of a prior conviction—and that job alone." 602 U.S. at 835–38. Under Florida law, Appellant is a VFOSC if he was on "[f]elony probation . . . related to the commission of a qualifying offense." § 948.06(8)(b)1., Fla. Stat. *Erlinger* does not require a jury to find the fact of Appellant's prior conviction for purposes of the VFOSC designation. *See Maye v. State*, 368 So. 3d 531, 532 (Fla. 6th DCA 2023) ("[T]he date a defendant was released from prison or jail and the nature of the qualifying offense are ministerial in nature and thus do not require jury findings."), *review granted,* No. SC2023-1184, 2024 WL 1796831 (oral argument held February 6, 2025). Even if there had been any error, it was harmless. *See, e.g., Hugger v. State*, 51 Fla. L. Weekly D169, 2026 WL 215872, at *1 (Fla. 1st DCA January 28, 2026) (holding trial court did not err in relying on certified copy of the Department of Corrections Crime and Time Report to adjudicate appellant a prison releasee reoffender); *Jett v. State*, 426 So. 3d 596, 597 (Fla. 1st DCA 2025) ("Based on the uncontroverted evidence, any error in not submitting the PRR determination to a jury was harmless beyond a reasonable doubt."); *Flowers v. State*, 424 So. 3d 1062, 1063 (Fla. 1st DCA 2025) (same).

When a VFOSC probationer is alleged to have violated probation "other than a failure to pay costs, fines, or restitution," the court must "[m]ake written findings as to whether or not the violent felony offender of special concern poses a danger to the community." § 948.06(8)(e)1., Fla. Stat. The trial court must consider various factors in making that dangerousness determination. *See* § 948.06(8)(e)1.a.–e., Fla. Stat. Here, the trial court found Appellant to be a danger to the community, and entered a written order as the statute requires.

In two of Appellant's three consolidated cases, the judicial "danger to the community" fact-finding occurred in probation revocation proceedings, in which there appears to be no Sixth Amendment concern regardless of the impact on Appellant's sentence. *See Hollingsworth v. State*, 293 So. 3d 1049, 1052–53 (Fla. 4th DCA 2020); *Souza v. State*, 229 So. 3d 387, 389 (Fla. 4th DCA 2017). However, case number 2023-CF-970 involved new criminal charges. If the trial court, rather than a jury, had found Appellant a "danger to the community" and increased Appellant's sentence, it would violate the Sixth Amendment right to a jury trial. *See Brown v. State*, 260 So. 3d 147, 149 (Fla. 2018). In *Brown*, the trial court was required to determine, under section 775.082(10) of the Florida Statutes, whether sentencing a defendant to a "nonstate prison sanction" rather than a prison sentence "could present a danger to the public." The court made the public-danger determination without a jury. *Id.* at 150. The supreme court held that this violated the defendant's Sixth-Amendment right to a jury trial. *Id.* at 150–51.

Here, in contrast, the community-danger finding under section 948.06(8)(e)1., Florida Statutes, only impacts whether a VFOSC probationer can be restored to probation, or must have probation revoked and be sentenced up to the statutory maximum prison sentence, or longer if permitted by law. *See* § 948.06(8)(e)2.a.–b., Fla. Stat. Any increase in sentence is from the VFOSC finding, which was stipulated-to here, but can also be based on a trial court's determining a defendant's past criminal convictions, without violating the Sixth Amendment. As a result, the holding in *Brown* does not apply to the sentencing of a VFOSC defendant. *See Hollingsworth*, 293 So. 3d at 1052–53.

AFFIRMED.

BILBREY, KELSEY, and NORDBY, JJ., concur.

*_____*

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

*_____*

Robert David Malove and Hani Adel Demetrious of The Law Office of Robert David Malove, P.A., Fort Lauderdale, for Appellant.

James Uthmeier, Attorney General, and Darcy Townsend, Assistant Attorney General, Tallahassee, for Appellee.